UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TROY CULBERTSON,

                Plaintiff,          **MEMORANDUM and ORDER**

      — against —                    08-CV-4838 (SLT)(LB)

WARDEN CAMERON, *et al.*,

                Defendants.
------------------------------------------------------------x
**TOWNES, United States District Judge:**

      On November 10, 2008, plaintiff Troy Culbertson, a pre-trial detainee at the Metropolitan Detention Center in Brooklyn ("MDC"), commenced this action, principally alleging that MDC personnel have not provided adequate medical care for injuries plaintiff allegedly suffered after falling out of bed on November 7, 2008. Attached to plaintiff's original complaint were four one-paragraph motions: (1) a motion for a court order directing defendants to have plaintiff examined by outside doctors; (2) a motion requesting a temporary restraining order prohibiting defendants from transferring plaintiff to an out-of-State facility or otherwise retaliating against him; (3) a motion seeking permission to amend the complaint and (4) a motion requesting the appointment of *pro bono* counsel. Plaintiff subsequently re-submitted two of these motions. In late December 2008, plaintiff filed a form entitled, "Application for the Court to Request Counsel." On January 20, 2009, plaintiff submitted a document labeled "Amended/Complaint," which both requests permission to file an amended complaint and appears to be the amended pleading itself.

      Magistrate Judge Bloom has already addressed plaintiff's applications for the appointment of counsel in an endorsed order dated January 15, 2009. Accordingly, only three motions remain for this Court's determination.

      Two of these pending motions – the motion for a court order directing defendants to have

plaintiff examined by outside doctors and the motion for a temporary restraining order – seek preliminary injunctive relief. "[A] preliminary injunction is an extraordinary remedy that should not be granted as a routine matter." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990). To obtain a preliminary injunction, the moving party must show "that 1) absent injunctive relief, it will suffer irreparable harm, and 2) either a) that it is likely to succeed on the merits, or b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir. 1999). Neither of plaintiff's two motions for preliminary injunctive relief make the requisite showing and are, therefore, denied.

Plaintiff's motions for permission to amend the complaint are – as plaintiff himself acknowledges in his submission dated January 20, 2009 – entirely unnecessary. Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ...." Since defendants have yet to file an answer, plaintiff does not need permission to file an amended complaint.

There remains, however, some ambiguity as to whether plaintiff's submission dated January 20, 2009, is intended to be the amended pleading itself or simply an application for permission to file an amended pleading. This Court will construe plaintiff's January 20, 2009, submission to be the Amended Complaint unless plaintiff informs this Court otherwise and submits another "Amended Complaint" by February 6, 2009. Defendants need not answer plaintiff's original complaint and defendants' time to answer or otherwise respond to plaintiff's first amended complaint is hereby extended to February 27, 2009.

## *CONCLUSION*

For the reasons set forth above, plaintiff's motions for a court order directing defendants to have plaintiff examined by outside doctors and for a temporary restraining order prohibiting defendants from transferring plaintiff to an out-of-State facility or otherwise retaliating against him are denied. Plaintiff's submission dated January 20, 2009, and entitled, "Amended/ Complaint," will be deemed to be plaintiff's first amended complaint unless plaintiff informs this Court otherwise and submits another "Amended Complaint" by February 6, 2009. Defendants need not answer plaintiff's original complaint and defendants' time to answer or otherwise respond to plaintiff's first amended complaint is hereby extended to February 27, 2009.

SO ORDERED.

Dated: January 27, 2009
      Brooklyn, New York

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge